## DREUX vs. DREUX'S SYNDICS.

East'n. District.
*Jan'y.* 1825.

DREUX
*vs.*
DREUX'S SYN-
DIC'S.

APPEAL from the court of the first district

MATHEWS, J. delivered the opinion of the Court. This is an action in which the wife claims from the syndics of her husband's estate, the amount of her paraphernal property, as a privileged creditor. The court below gave judgment in her favor, for a sum, less than she demands, and without any decision on her pretensions to privilege and preference; from which she appealed.

The wife, as to her paraphernal estate disposed of by her husband, is a privileged creditor.

The case presents two points for determination; one of fact, the other of law. The error complained of in relation to the facts of the cause, is the refusal of the district court to allow to the plaintiff the price of a slave, her property, which she had consented to liberate on the payment of seven hundred dollars; and which sum is alleged to have been received by her husband, now a bankrupt. The question of law relates to the privilege and preference, or tacit mortgage, which is granted to married women, as a security for their right and claim of dower or paraphernal effects.

As to the first of these points, we must look

East'n District,
Jan'y. 1825.

DREUX
vs.
DREUX'S SYN-
DICS.

alone to the testimony in the case; and solely to that part of it which relates to the price of the slave above mentioned. The judgment of the court below is less than the amount claimed by $684 50; the payment of which to the appellant's husband, seems to have been considered not satisfactorily proven. But if we give credit to the testimony of Olivier Duclozel, this fact is clearly established: (see his answer to the 6th interrogatory.) There is nothing found in the record which has the slightest tendency to discredit the witness, and we are therefore bound to believe him.

The question of law, made by the pleading, is thought not to be one of great difficulty. The estate of a husband is tacitly mortgaged to secure the right and claim of a wife for her paraphernal effects. In this respect she is entitled to privilege and preference over creditors merely chirographic; in relation to them she is most clearly privileged by law, and must be declared as such amongst the mass of creditors in a case of insolvency. As to the rank which her privilege may be entitled to, in comparison and conflict with others, this is perhaps a matter to be settled on filing a tableau of distribution.

The objections made, in argument, to any well founded claim of mortgage or privilege on the part of the plaintiff in the present case, in consequence of neglect to register the evidence of her rights, as prescribed by the law of 1813, passed in relation to tacit mortgages and privileges are, we think, without foundation. It does not appear that the receipts given by the husband for her property were known to her at the time of the execution, or that she ever had them in possession. The amount embraced by these writings cannot be placed on a footing different from that which is established by oral testimony.

She held no instrument which could be recorded; her mortgage was exclusively tacit, existing only in the provisions of law; and consequently not governed by the act relied on by the defendants.

We are of opinion that the judgment of the district court is erroneous, in not allowing to the plaintiff the additional sum of $684 50; and also in not allowing that she should be placed on the bilan of the insolvent as a privileged creditor, leaving the rank of said privilege to be settled, on a distribution of the estate.

East'n District.
*Jan'y.* 1825.

DREUX
*vs.*
DREUX'S SYN-
DICS.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be avoided, reversed and annulled; and it is further ordered, adjudged and decreed, that judgment be entered for the plaintiff and appellant for the sum of $4087 87, and that for this amount she be placed on the schedule of the insolvent, as a privileged creditor, and that the costs be paid out of the funds of the estate in the hands of the syndics.

*Moreau* for the plaintiff, *Seghers* for the defendants.